UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| AMY SAUNDERS, *on behalf of herself and all others similarly situated,* | Case No. 3:24 CV 1777 |
| | O R D E R |
| Named Plaintiff, | JUDGE JACK ZOUHARY |
| v. | |
| KINGSTON HEALTHCARE, INC., *et al.*, | |
| Defendants. | |

**ORDER GRANTING JOINT MOTION FOR APPROVAL OF FLSA COLLECTIVE ATION SETTLEMENT AND DISMISSAL WITH PREJUDICE**

Representative Plaintiff Amy Saunders ("Representative Plaintiff") and Defendants Kingston HealthCare, Inc. and Kingston HealthCare Company ("Defendants") ("Representative Plaintiff" and "Defendants" hereinafter the "Parties") jointly moved the Court for approval of their FLSA collective action settlement (*see* Doc. 25 ("Joint Motion")). The Joint Motion asks this Court, among other things, to approve, as fair and reasonable, the settlement reached by the Parties and memorialized in their Collective Action Settlement Agreement and Release ("Settlement" or "Agreement"). (*see* Doc. 25 at 2.)

After careful review of the Joint Motion, the Agreement, the Bryant Declaration, and related pleadings, the Court finds that the Agreement is a fair, reasonable, and adequate resolution of a bona fide legal dispute between the Parties in all aspects. This Court also approves the proposed allocation and calculation of the individual Settlement Awards, the Service Award, the proposed attorney fees, and costs and litigation expense reimbursements to Representative

Plaintiff's Counsel, and costs to Analytics Consulting, LLC to administer the settlement. Unless otherwise defined, all terms used in this Order have the same meaning as defined in the Agreement.

1. On October 11, 2024, Representative Plaintiff filed a lawsuit, styled as *Amy Saunders, et al.*, *v. Kingston Healthcare, Inc., et al.*, Case No. 3:24-cv-1777, in the United States District Court for the Northern District of Ohio, Western Division, Ohio ("Action"). In the Action, Representative Plaintiff asserted, on behalf of herself and others allegedly similarly situated to her, a variety of unpaid wages claims against Defendants under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*; the Ohio Minimum Fair Wage Standards Act, O.R.C. § 4111.01, *et seq.* (the "Ohio Wage Act"); and the Ohio Prompt Pay Act, O.R.C. § 4113.15 (the "OPPA") (the Ohio Wage Act and the OPPA collectively, "Ohio Acts"). In particular, Representative Plaintiff alleged that Defendants failed to pay her, and other similarly situated hourly, non-exempt employees of Kingston facilities (1) at the correct regular rate of pay during one or more workweeks when they worked overtime and were paid certain allegedly non-discretionary incentive payments; and (2) for all hours worked before and after their shifts due to an allegedly non-neutral rounding policy/practice. (s*ee* Doc 1 at 4-5). Representative Plaintiff claimed that this failure resulted in unpaid wages, including overtime, in violation of the FLSA and the Ohio Acts during workweeks when she and other hourly, non-exempt employees worked forty (40) or more hours. (*id*.).

2. On December 4, 2024, Defendants filed an Answer and denied all allegations in the Complaint and asserted eleven affirmative defenses, including that the pay policies/practices were made in good faith in conformity with and in reliance on a written administrative regulation, order, ruling, approval, interpretation, administrative practice, or enforcement policy of the administrator

of the Wage and Hour Division of the Department of Labor pursuant to 29 U.S.C. § 259. (*see* Doc 12)

3. To avoid the burden, expense, risks, disruption, and uncertainty of protracted collective action litigation, the Parties engaged in targeted settlement communication (s*ee* Docs 15, 18, 19, and 21). To facilitate settlement discussions, the Parties agreed to the scope of hourly, non-exempt workers subject to settlement communication and agreed to conduct a due diligence exchange of information, including payroll, timekeeping records, and other targeted business records. In the meantime, the Parties also agreed to toll any statute of limitations of the putative class members.

4. Over the course of the next several months, counsel for Defendants and Representative Plaintiff continued to have several bona fide disputes and narrowed the scope of their disputes for purposes of facilitating their settlement efforts. Representative Plaintiff's counsel constructed a robust damages model using the pay and time information produced by Defendants, specific rates of pay over all applicable pay periods, applied an average damages amount based on a representative sample of the current and former hourly, non-exempt workers employed by a facility associated with the "Kingston" name from January 1, 2023 through March 31, 2025, and determined the total potential damages if they prevailed on their claims of unpaid overtime wages and related damages. As part of the damages model, Plaintiffs' counsel also evaluated the likelihood of success on the merits on one or more claims in the Action, including whether (a) Plaintiffs worked overtime; (b) whether any potential unpaid time was actually compensable; (c) whether Defendants had knowledge of any alleged unpaid time; (d) Defendants' defenses and affirmative defenses; (e) probability of certification under Federal Civil Rule 23; and (f) evaluated the applicable legal authority. Defendants also conducted/evaluated the claims asserted, alleged

damages, and defenses using the same payroll and timekeeping records. On September 9, 2025, the Parties were able to reach a resolution in principle.

5. The Agreement provides for collective-wide settlement, notice to Eligible Settlement Participants, and distribution of Claimants as outlined in the Agreement.

6. The Agreement was achieved after arm's-length and good faith negotiations between the Parties and their counsel, who have extensive experience litigating FLSA and various state wage and hour claims. Settlement will be facilitated by a neutral third party.

7. While the Parties have informed the Court that they believe the Settlement is fair, reasonable, and adequate and in the best interests of the Representative Plaintiff and Eligible Settlement Participants, the Court also approves as fair, reasonable, and adequate settlement of the claims made pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b) as outlined in the Agreement. I have considered all relevant factors, including the risk, complexity, expense, and likely duration of the litigation; the extent of investigation; the amount offered in the Settlement; and the experience and views of counsel for the Parties. For purposes of this Approval Order, the Court further incorporates by reference the terms and definitions as set forth in the Agreement.

8. The Court approves the content, form, and distribution of the Notice of Settlement and Consent Form to all Eligible Settlement Participants as outlined in the Agreement.

9. The Court approves the Service Award for Named Plaintiff in recognition of, and in consideration for, her substantial assistance rendered to Plaintiffs' Counsel and in pursuing the rights of all Eligible Settlement Members, as provided in the Agreement.

10. The Court approves the payment of Plaintiffs' Counsels' attorneys' fees and expenses as provided in the Agreement. Plaintiffs' Counsel has significant experience litigation

wage and hour cases, and fees of one-third (1/3) of common fund are typical for FLSA collective actions in this District.

11. The Court orders that payments from the Global Settlement Fund, including Service Award, Plaintiffs' Counsels' attorneys' fees and costs, distributions to Claimants, and settlement administration costs be distributed in the manner, and subject to the terms and conditions, set forth in the Agreement.

12. The Court dismisses, with prejudice, the claims of the Named Plaintiff, individually and on behalf of the Claimants (whose Consent Forms will be filed at the end of the time period set forth in the Agreement), as provided in the Agreement.

13. The Court finds there is no just reason for delay and directs the Clerk of the Court to enter this Order Granting Approval of FLSA Settlement immediately.

14. The Court retains jurisdiction over the Action to enforce the terms of the Agreement.

**IT IS SO ORDERED.**

                                                    s/ *Jack Zouhary*
                                                    JACK ZOUHARY
                                                    U. S. DISTRICT JUDGE

                                                    October 8, 2025